### A. BOOTH & CO.

#### *v.*

### SAMUEL B. RAYMOND, County Treasurer, *et al.*

*Opinion filed June 19, 1901—Rehearing denied October 10, 1901.*

TAXES—*when collection of tax will not be enjoined.* The collection of a personal tax against a corporation will not be enjoined because of a clerical error in entering the corporate name, where the tax is authorized by law and the complainant is the owner of the property taxed and is the corporation intended to be taxed, and where, in the proceedings before the board of review, the complainant treated the name as its corporate name, assuming itself to be the corporation intended to be taxed.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

THORNTON & CHANCELLOR, for plaintiff in error.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery exhibited by the plaintiff in error company to enjoin the threatened levy upon and sale of the personal property of the company by virtue of the warrant attached to the collector's book issued for the collection of taxes for the year 1899 in the town

of South Chicago, in the county of Cook. A temporary injunction was granted, but upon a final hearing a decree was entered dissolving such temporary injunction and dismissing the bill. This is a writ of error to secure reversal of the decree.

The warrant authorized the collector to collect from the several persons named in the said collector's book the several sums of taxes therein charged opposite their respective names. The plaintiff in error company is a corporation organized under the laws of this State. The corporate name of the plaintiff in error company, viz., "A. Booth & Co.," did not appear in the collector's book. On said book there was, however, charged the sum of $2536 of taxes against "A. Booth Packing Company." It was this sum of taxes which the collector demanded the plaintiff in error company should pay, and which he proposed to collect by seizing on and selling the personal property of the plaintiff in error company.

The bill alleged the board of review had arbitrarily and without the consent of the plaintiff in error company increased the assessable value of its property from $74,514, as given by it in the schedule of its property prepared by it and returned to the assessor, to the sum of $200,000, and that the valuation so fixed by the board is far in excess of the value of its assessable property, and that the action of said board of review in increasing such valuation was unwarranted and oppressive. The only ground for reversal, however, urged in the brief filed on behalf of the plaintiff in error company is, that the collector had no warrant against the plaintiff in error company, but was proceeding to levy a warrant against another separate and different corporation upon the property of the plaintiff in error company, and to sell such property to satisfy taxes assessed and extended on the collector's book against such other corporation, and that it was error to dissolve the preliminary injunction restraining such seizure and sale of its property and to

dismiss its bill praying that such seizure and sale should be perpetually enjoined.

It appeared the plaintiff in error company, on the first day of April, 1899, was engaged in the business of buying and selling fish and oysters in the city of Chicago. It was the successor of said A. Booth Packing Company in that business and transacted its business in the same building that its predecessor occupied when in the same trade. The bill filed by the plaintiff in error company alleged that it prepared and delivered to the assessor a schedule of its property subject to assessment for taxation on the first day of April, 1899, showing the full cash value thereof to be the sum of $74,514, and that the taxes, if extended on the sum, would amount to $944.66, but, to quote from the bill, "that some years ago there was in the city of Chicago, transacting business of the same character with that which your orator now does, a corporation by the name of the A. Booth Packing Company, but that said corporation has long since ceased to do business and has done no business within the limits of Cook county since March, 1899, and for some time prior thereto; that by some mistake on the part of said board of assessors and board of review your orator has been assessed, not in its corporate name, but as A. Booth Packing Company; * * * that after the said assessment had been made by the board of assessors, the board of review of said Cook county arbitrarily and without the consent of your orator claimed, and as the result of its action set down, as the fair cash market value of the personal property of your orator the sum of $200,000 and assessed the same at $40,000, though no complaint was ever filed with the board of review claiming that the assessment made by the board of assessors was inadequate; that no showing was ever made and no evidence ever produced before the board of review proving or tending to prove that your orator had not made a fair and full schedule of all of its personal property subject to assess-

ment in Cook county." The bill further alleged that the plaintiff in error company, within the time allowed by law, protested to the board of review against such increased valuation of its assessable property, and under such protest such proceedings were had as that the plaintiff in error company was led to believe the assessable value of such property would be fixed at $150,000, and that the plaintiff in error company filed another protest to obtain a further reduction of such valuation of the property for taxation. The bill also alleged that by reason of the mistake in assessing its property not in its corporate name but in the name of the A. Booth Packing Company, (to quote from the bill,) "no warrant has been or can be issued against your orator, yet it is not desirous of taking advantage of said mistake, but offers to pay upon said warrant, which it assumes was intended to be against this corporation, the said tax of $944.66, which it hereby tenders. Your orator says that it is willing that the books of the board of assessors, the board of review and those of the county clerk, together with the warrant in the hands of said Benjamin Barnett, South Town collector, who is hereby made party defendant to this bill of complaint, should be corrected so that the assessment of $14,900 and tax of $944.66 should appear to have been levied and assessed against your orator."

The bill was framed upon the assumption that the taxes sought to be collected were levied on the property of the plaintiff in error company and that the discrepancy in its corporate name was but an unimportant mistake. The plaintiff in error company, in its several protests before the board of review, did not question that the assessment of its property appeared correctly on the assessment roll in the name of the A. Booth Packing Company. It asserted the right before that board to challenge the correctness of the valuation of the property so assessed to the A. Booth Packing Company. It practically accepted that as the correct, or at least a

sufficient, designation of its corporate name. The testimony produced before the chancellor was addressed to the contention of the plaintiff in error company that its property was fairly valued in the schedule which it prepared and delivered to the assessor, and that the increase in the valuation thereof by the board of review was unwarranted and should not be approved by the court, but it is asserted in the briefs filed in behalf of the plaintiff in error that error intervened in the action of the chancellor or the evidence on that issue. The briefs in this court make no reference to the claim or issue that the property was assessed at too high a valuation, neither is it claimed. that fraud of any character intervened. The taxes sought to be collected were assessed upon the property of the plaintiff in error company. The law authorized the levy and assessment thereof. The plaintiff in error company was the owner of the property upon which the tax was assessed and extended. It was the corporation intended to be taxed. Before the board of review it treated the name in which the tax was extended on the roll as its name. The addition of the word "Packing" to its corporate name did not affect the substantial justice of the tax, and furnished no reason, in equity, for relieving it of the duty of paying taxes justly and legally due and owing by it, and the chancellor properly declined to interfere with the efforts of the officers to enforce payment thereof. We have repeatedly declared a court of equity will not entertain a bill to restrain the collection of a tax except in cases where the tax is unauthorized by law or has been assessed upon property not subject to taxation, or where the property has been fraudulently assessed at too high a valuation. *Lyle* v. *Jacques*, 101 Ill. 644; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *New York and Chicago Stock Exchange* v. *Gleason*, 121 id. 502.

The decree is affirmed.                    *Decree affirmed.*